# United States District Court
## EASTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| IN THE MATTER OF THE SEARCH OF THE PREMISES LOCATED AT 201 BRAVO LANE, McALESTER, OK | Case No. 23-MJ-178-DES |

## APPLICATION FOR SEARCH WARRANT

I, Willie J. Mosey Jr., a federal law enforcement officer or an attorney for the government, request a search warrant and state under penalty of perjury that I have reason to believe that there is now concealed on the following person or property located in the **EASTERN** District of **OKLAHOMA** *(identify the person or describe property to be searched and give its location)*:

**SEE ATTACHMENT "A"**

The person or property to be searched, described above, is believed to conceal *(identify the person or describe the property to be seized)*:

**SEE ATTACHMENT "B"**

The basis for the search under Fed. R. Crim. P. 41(c) is *(check one or more)*:

- ☒ evidence of a crime;
- ☒ contraband, fruits of crime, or other items illegally possessed;
- ☐ property designed for use, intended for use, or used in committing a crime;
- ☐ a person to be arrested or a person who is unlawfully restrained.

The search is related to a violation of Title 21, United States Code, Sections 841(a)(1) and 846, and the application is based on these facts:

- ☒ Continued on the attached sheet.
- ☐ Delayed notice of _____ days (give exact ending date if more than 30 days: _____ ) is requested under 18 U.S.C. § 3103a, the basis of which is set forth on the attached sheet.

*/s/ Willie J. Mosey Jr.*

Willie J. Mosey Jr., Special Agent
Drug Enforcement Administration

Sworn to me.

Date: June 27, 2023

City and state: Muskogee, Oklahoma

*/s/ D. Edward Snow*
*Judge's signature*

D. EDWARD SNOW
UNITED STATES MAGISTRATE JUDGE
*Printed name and title*

## AFFIDAVIT IN SUPPORT OF AN APPLICATION UNDER RULE 41 FOR A WARRANT TO SEARCH AND SEIZE

I, Willie James Mosley Jr., being duly sworn, hereby depose and state:

### INTRODUCTION AND AGENT BACKGROUND

1. I make this affidavit in support of an application under Rule 41 of the Federal Rules of Criminal Procedure for a warrant to search the premises known as 201 Bravo Lane, McAlester, Oklahoma, within the Eastern District of Oklahoma (hereafter referred to as "PREMISES"), further described in Attachment A, for the items described in Attachment B.

2. I am a Special Agent with the Drug Enforcement Administration (DEA) and have been since December 2019. During my employment with the DEA, I have specialized in investigations involving narcotics trafficking and money laundering. I have received specialized training on the subject of narcotics trafficking and money laundering from the DEA and have been personally involved in investigations concerning the possession, manufacture, distribution, and importation of controlled substances, as well as methods used to finance drug transactions.

3. Prior to my career with the DEA, I was employed with the State of Mississippi for approximately six years as a Special Agent with the Mississippi Department of Revenue. I have received specialized training on the subject of narcotic trafficking and have been personally involved in investigations involving interviews of victims, suspects, arrestees, and witnesses. I have written, planned, and executed search warrants. Through this training and experience, I have become especially familiar with the techniques and operations of those involved in the drug trade and their day-to-day activities.

4. I am familiar with the facts and circumstances of this investigation as a result of my personal participation in the investigation referred to in this affidavit and information summarized in reports I have reviewed. I have compiled information derived from discussions

with experienced law enforcement officers, including Special Agents of the DEA and other state and local law enforcement agencies. Based on my training, experience and on my participation in this investigation, I know the following:

   a. Drug distributors/traffickers commonly maintain books, records, receipts, notes, ledgers, and other documents/papers both electronically and in paper form, which relate to the transportation, ordering, sale, and distribution of controlled substances, even though such documents may be in code and/or identify customers/sources/co-conspirators through monikers/nicknames. Documentation such as this oftentimes results because drug distributors/traffickers commonly "front" drugs (provide controlled substances on consignment) to their clients and must account for these transactions in order to collect outstanding drug debts.

   b. Persons involved in drug distribution/trafficking frequently conceal caches of drugs, large amounts of currency generated from/intended for the distribution thereof, financial instruments and other items of value and/or proceeds of drug transactions, and evidence of financial transactions relating to obtaining, transferring, secreting, or spending large sums of money.

   c. Drug distributors/traffickers commonly maintain addresses, telephone numbers, names, photographs and other contact information in notebooks, papers, cellular communication devices, computers and electronic storage media which reflect names, addresses, and/or telephone numbers for their associates in the drug distribution/trafficking organization, even if said items may be limited or otherwise be in code. Contacts maintained within a cellular communication device will oftentimes specify names and/or nicknames/monikers, concerning co-conspirators who are involved in the illicit

activity. Moreover, the contact information will include some acquaintances associated with the user of the device, which contributes to establishing the identity or otherwise evidence of dominion and control for the user of the device.

d. Drug traffickers very often place assets in names other than their own or in corporate entities to avoid detection of these assets by law enforcement. Although these assets are in other persons' or corporate names, the drug dealers actually own and continue to use these assets and exercise dominion and control over them.

e. Drug traffickers often carry or possess weapons to protect themselves and their controlled substance from theft by other traffickers.

f. Persons involved in drug trafficking often use cellular telephones, two-way radios and other forms of electronic communications to contact their associates, place orders for narcotics and control the delivery of illegal contraband.

5. This affidavit is intended to show only that there is sufficient probable cause for the requested warrant and does not set forth all of my knowledge about this matter.

## PROBABLE CAUSE

6. On January 5, 2023, the Pittsburg County Sheriff's Department executed a search warrant at the PREMISES, which is the residence of Richard Allen ROLLINGS. The search warrant resulted in the seizure of approximately 400 grams of methamphetamine (actual) and five firearms. In my training and experience, 400 grams of actual methamphetamine is an amount indicative of the intent of the possessor to distribute methamphetamine, and not for personal use, as individually used amounts are typically a gram or less.

7. Following ROLLINGS' arrest, myself, along with Bureau of Alcohol, Tobacco, Firearms and Explosives Agents Rebecca Davison and Sterling Juarez conducted a post-*Miranda*

interview of ROLLINGS at the Pittsburg County Jail. During the interview, ROLLINGS made several admissions of distributing methamphetamine and owning firearms. ROLLINGS admitted to purchasing two kilograms of methamphetamine for $8,400.00 and distributing an ounce of methamphetamine on or around January 4, 2023. A search warrant was later executed on ROLLINGS phone and revealed text messages between ROLLINGS and other possible co-conspirators purchasing and distributing methamphetamine. Agents have conducted several interviews and have received intelligence from Facebook warrants and cell phone downloads that indicate that ROLLINGS is a known methamphetamine source of supply in the Eastern District of Oklahoma.

8. On June 13, 2023, a grand jury for the Eastern District of Oklahoma issued an indictment charging ROLLINGS with (1) Possession with Intent to Distribute Methamphetamine in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(A); (2) Possession of a Firearm in Furtherance of a Drug Trafficking Crime in violation of 18 U.S.C. § 924(c)(1)(A); and (3) Felon in Possession of a Firearm in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(8). Case No. CR 23-097-JFH. Pursuant to the indictment, a warrant for ROLLINGS' arrest was issued.

9. On June 27, 2023, at approximately 8:15 a.m., agents from the DEA McAlester Residence Office executed the arrest warrant at the PREMISES. Agents knocked and announced the presence of law enforcement at the residence. After a few moments of knocking and announcing at the front door of the residence, ROLLINGS and a female identified as Donna Nixon came to the front door. Resident Agent in Charge (RAC) Brian Epps and Task Force Officer Dylan Reasnor performed a walk-thru of the residence for officer safety to ensure that no other persons or potential threats remained in the residence. During the walk-thru, RAC Epps observed a crystalline substance on a table in the primary bedroom of the residence and drug

paraphernalia in plain view within the house. RAC Epps questioned ROLLINGS about the substance that was found and ROLLINGS confirmed that there was only user amounts of methamphetamine in the residence. RAC Epps asked ROLLINGS if agents could search the residence and ROLLINGS explained that he would like a search warrant.

10. While agents were executing the arrest warrant of ROLLINGS, one individual arrived at ROLLINGS' residence. This individual informed agents that he came to the PREMISES to purchase methamphetamine from ROLLINGS.

## CONCLUSION

11. I submit that this affidavit and its attachments supports probable cause for a search warrant authorizing a search of the PREMISES described in Attachment A to seek the items described in Attachment B.

Respectfully submitted,

Willie J. Mosley Jr.
Special Agent
Drug Enforcement Administration

Sworn to me on: June 27, 2023

D. EDWARD SNOW
UNITED STATES MAGISTRATE JUDGE

## ATTACHMENT "A"

## LOCATION TO BE SEARCHED

201 Bravo Lane, McAlester, Oklahoma, is described as a single-story modular home with gray siding and blue trim having an add-on attached structure on the east side of the residence. The property is located at the dead-end of Bravo Lane and is gated with a partial barbed wire fence and contains four outbuildings, a white colored travel trailer, a black box-style trailer and several vehicles near the residence.



201 Bravo Ln. McAlester, Oklahoma (Southeast View)



201 Bravo Ln. McAlester, Oklahoma (Southwest View)

## ATTACHMENT "B"

## ITEMS TO BE SEIZED

There is now being concealed certain property, namely evidence of violations of Title 21, United States Code, Sections 841(a)(1) and 846, including instrumentalities and means for the perpetration of violations of Title 21, United States Code, section 846, and evidence of violations of Title 21, United States Code, Section 856(a). Evidence of these offenses and proceeds earned from unlawful activities will be concealed or hidden to disguise the true nature, ownership, and control of the unlawful proceeds in furtherance of illegal activity including, but not by way of limitation, items specified hereinafter described as follows:

1. Any and all contraband and/or controlled substances, including, but not limited to, heroin, methamphetamine, paraphernalia used to package, cut, weigh, and distribute controlled substances, including, but not limited to, baggies, scales, glassware, etc.

2. Equipment, books, records, receipts, notes, ledgers, and other papers relating to the transportation, ordering, purchase and distribution of controlled substances, in particular heroin and methamphetamine.

3. Addresses or telephone books and papers, and cell phones and the contents thereof, reflecting names, addresses or telephone numbers, SMS text messages, photographs, videos, and web search histories.

4. Books, records, receipts, bank statements and records, money drafts, letters of credit, money orders, bank checks, deposit checks, safe deposit keys, safe deposit records, credit account statements, applications for credit, credit transaction documents, loan and mortgage documents, records showing participation in partnership, ventures and corporations, records showing investments, titles and registrations for boats and automobiles and other items

evidencing the obtaining, secreting, transfer, concealment, and/or expenditure of money or assets in violation of 21 U.S.C. §§ 841(a)(1) and 846.

5.  United States currency, precious metals, jewelry and financial instruments including, but not limited to stocks and bonds.

6.  Photographs and video tapes, in particular, photographs and video tapes of co-conspirators, assets, firearms, and/or controlled substances.

7.  Computers, computer records, computer disks, and other magnetic media, in particular, computer record/documentation evidencing the obtaining, secreting, transfer, concealment and/or expenditure of money, assets and controlled substances.

8.  Firearms or weapons of any sort.